J-S43045-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| SCOTT GORDON LORD | : | |
| | : | |
| Appellant | : | No. 1356 EDA 2025 |

Appeal from the Judgment of Sentence Entered May 1, 2025
In the Court of Common Pleas of Wayne County Criminal Division at
No(s): CP-64-CR-0000404-2024

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| SCOTT GORDON LORD | : | |
| | : | |
| Appellant | : | No. 1357 EDA 2025 |

Appeal from the Judgment of Sentence Entered May 1, 2025
In the Court of Common Pleas of Wayne County Criminal Division at
No(s): CP-64-0000405-2024

BEFORE:  KUNSELMAN, J., McLAUGHLIN, J., and BENDER, P.J.E.

MEMORANDUM BY BENDER, P.J.E.:                **FILED FEBRUARY 5, 2026**

In these consolidated appeals, Scott Gordon Lord (Appellant) appeals from the judgment of sentence imposed on May 1, 2025, following the denial of his request to withdraw his guilty plea.  Appellant's sole claim on appeal challenges the denial of his suppression motion.  Because Appellant has waived this claim by entering a guilty plea, we affirm his judgment of sentence.

Due to our resolution of Appellant's claims, the underlying facts of his cases are not germane to our review and are not recounted here in detail. The trial court briefly noted the following in its memorandum opinion filed pursuant to Pa.R.A.P. 1925(a).

> At said hearing [on Appellant's motion to suppress], a number of the officers from the Broome County Sheriff's Office who were involved in [Appellant's] case testified. The testimony from Detective Daniel Dunham revealed that the encounter started at approximately 5:40 p.m. in Stanford, New York. The detective was part of a special investigation unit (SIU) that had a warrant to search 144 Big Hollow Road, [Appellant], and a vehicle which [Appellant] was known to operate. The detective was conducting surveillance prior to SIU's arrival when he saw the target vehicle leave the residence. The detective initiated a traffic stop [of the vehicle] in Deposit, New York. [Appellant] was identified as driving the vehicle and, after refusing to get out of the car, [Appellant] fled.

> The detective pursued [Appellant] through New York and into Pennsylvania, and lost sight of [Appellant] at around 6:20 p.m. After several hours, efforts to track [Appellant's] location were successful, and the detective pulled into Lakewood Lodge without emergency lights or sirens on. [Authorities followed cell phone pings on Appellant's phone and believed that Appellant had abandoned the vehicle at the Lodge. However, the detective discovered Appellant inside the vehicle upon his arrival.] According to the detective, [Appellant] tried to leave and attempted to hit the detective's car, at which point the detective gave chase yet again. [Appellant] was successfully captured after this.

Trial Court Opinion, 7/7/25, at 3-4.

On October 25, 2024, Appellant was charged in two separate cases, one based upon drugs possessed by him at the time of arrest (CP-64-CR-00404-2024, hereinafter "case 404") and the other based upon Appellant's actions during the chase (CP-64-CR-00405-2024, hereinafter "case 405"). On

November 1, 2024, the Commonwealth filed a motion to join the two cases for trial, noting that the offenses in each case are interrelated and stem from the same incident. The trial court granted the request to join on December 12, 2024.

Appellant filed a motion to suppress in each case on December 23, 2024, which the trial court denied on March 3, 2025. Thereafter, on March 6, 2025, Defendant entered a negotiated guilty plea on both cases. At case 404, Appellant pled guilty to two counts of possession of a controlled substance and one count of possession of drug paraphernalia.[1] *See* Plea (case 404), 3/6/25. At case 405, Appellant entered a guilty plea to two counts of fleeing or eluding an officer, two counts of recklessly endangering another person, and single counts of driving under the influence of a controlled substance, and driving without financial responsibility.[2] *See* Plea (case 405), 3/6/25.

_____

[1] 35 P.S. §§ 780-118(a)(16) and 780-113(a)(32), respectively. Appellant also faced one count of possession with the intent to deliver (35 P.S. § 780-113(a)(30)) and two additional counts of possession of drug paraphernalia (35 P.S. § 780-113(a)(32)) on this information, but they were not a part of his plea.

[2] 75 Pa.C.S. §§ 3733(a), 18 Pa.C.S. § 2705, 75 Pa.C.S. § 3802(d)(2), and 75 Pa.C.S. § 1786(f), respectively. Appellant had also been charged with aggravated assault – attempts to cause serious bodily injury (18 Pa.C.S. § 2702(a)(2)), aggravated assault – attempts to cause bodily injury (18 Pa.C.S. § 2702(a)(3)), simple assault (18 Pa.C.S. § 2701(a)(1)), accident involving damage to attended vehicle (75 Pa.C.S. § 3743(a)), three counts of disorderly conduct (18 Pa.C.S. § 5503(a)(4)), and single counts of harassment (18 Pa.C.S. § 2709(a)(1)), public drunkenness (18 Pa.C.S. § 5505), scattering rubbish upon land/stream (18 Pa.C.S. 6501(a)(1)), driving without a license (75 Pa.C.S. § 1501(a)), obedience to traffic-control

*(Footnote Continued Next Page)*

After accepting the plea, the trial court ordered preparation of a pre-sentence investigation and set a date for sentencing. On April 17, 2025, Appellant filed a motion to withdraw his guilty pleas, asserting that his "decision to plead guilty was clouded by the risk of the potential consequences following a guilty verdict at trial." Motion to Withdraw Plea, 4/17/25. The Commonwealth filed a response to Appellant's request, and the matter was scheduled for consideration prior to sentencing. On May 1, 2025, the trial court denied Appellant's motion to withdraw his pleas and imposed an aggregate sentence on both cases of 20 to 108 months of incarceration, to be served concurrently with Appellant's New York state sentence. Appellant filed timely motions for post-sentence relief on May 9, 2025. The post-sentence motions were denied on May 12, 2025. Appellant then filed timely notices of appeal to this Court on May 23, 2025.[3] The trial court ordered Appellant to file a statement of errors complained of on appeal in each case by the Order dated May 28, 2025. Appellant timely complied on June 16, 2025, and the trial court issued an opinion on July 7, 2025.

_____

devices (75 Pa.C.S. § 3111(a)), disregarding traffic lane (75 Pa.C.S. § 3309(1)), duties at a stop sign (75 Pa.C.S. § 3323(b)), failure to yield to emergency vehicle (75 Pa.C.S. § 3325(a)), driving at safe speed (75 Pa.C.S. § 3361), exceeding maximum speed limits (75 Pa.C.S. § 3362(a)(3)), careless driving (75 Pa.C.S. § 3714(a)), reckless driving (75 Pa.C.S. § 3736(a)), two counts of failing to stop and render aid (75 Pa.C.S. § 3744(a)), accident involving damage to unattended vehicle or property (75 Pa.C.S. § 3745(a)), and depositing waste on a highway (75 Pa.C.S. 3709(a)).

[3] On June 23, 2025, this Court consolidated Appellant's appeals *sua sponte* pursuant to Pa.R.A.P. 513.

Appellant raises the following issue on appeal:

1. Did the trial court err in denying [Appellant's] motion to suppress physical and testimonial evidence when the evidence produced at a hearing on the motion demonstrated that the police were no longer in hot pursuit of [Appellant] nor on unrelated official business?

Appellant's Brief at 10.

Critically to this appeal, after entering negotiated guilty pleas to the charges in both cases, Appellant now asserts that the trial court erred by denying his motion to suppress. However, we conclude that Appellant is precluded from challenging the suppression determination because of his guilty pleas.

"[U]pon entry of a [negotiated] guilty plea, a defendant waives all claims and defenses other than those sounding in the jurisdiction of the court, the validity of the plea, and … the 'legality' of the sentence imposed[.]" **Commonwealth v. Eisenberg**, 98 A.3d 1268, 1275 (Pa. 2014). Thus, by pleading guilty, an appellant waives his right to challenge the denial of his suppression motion. **Commonwealth v. Perel**, 107 A.3d 185, 197 n.14 (Pa. Super. 2014). **See also Commonwealth v. Ware**, No. 433 EDA 2021, unpublished memorandum at *4 (Pa. Super. filed January 3, 2022) (finding a challenge to the propriety of the suppression court's ruling was waived by the entry of a guilty plea).[4]

_____

[4] Our Rules of Appellate Procedure permit us to cite to non-precedential Superior Court decisions filed after May 1, 2019, for their persuasive value. Pa.R.A.P. 126(b).

In his brief to this Court, Appellant ignores this fatal defect to his argument, addressing only the merits of the underlying issue. Nonetheless, Appellant has waived any challenge related to the suppression issue due to his guilty plea. *Eisenberg*, *supra*; *Perel*, *supra*. Because we find that Appellant has waived his only issue on this appeal, we affirm his judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 2/5/2026